**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4372**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RUBEN TODD-MURGAS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00127-WO-1)

─────────────

Submitted:  February 4, 2011        Decided:  March 4, 2011

─────────────

Before NIEMEYER, GREGORY, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruben Todd-Murgas pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute 500 grams or more of a mixture and substance containing cocaine hydrochloride in violation of 18 U.S.C. § 841(a)(1), (b)(1)(B) (2006). The district court found that this conviction constituted a violation of the terms of his supervised release on two 1998 drug-related convictions in the U.S. District Court for the Northern District of New York. The court sentenced Todd-Murgas to a term of imprisonment of 177 months on the cocaine distribution conviction plus two concurrent terms of imprisonment of twenty-four months for the supervised release violation to run consecutively to the 177-month term.

On appeal, Todd-Murgas's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he finds no meritorious issues for appeal. Counsel does call two issues to our attention: (1) whether the district court erred in attributing 480 kilograms of cocaine to Todd-Murgas; and (2) whether the district court erred by imposing a consecutive sentence for the supervised release violation. Todd-Murgas was advised of his right to file a pro se supplemental brief but has not filed a brief. The Government chose not to file a response.

Our review of the record leads us to conclude that Todd-Murgas is not entitled to relief. This court reviews a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors. See United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). A reviewing court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

We review a district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). "A district court's approximation of the amount of drugs is not clearly erroneous if supported by competent evidence in the record." United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999) (citing United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992)). "When objecting to drug quantities as set forth in the Presentence Report, the defendant has an affirmative duty to show that the information contained in the report is inaccurate or unreliable." Carter, 300 F.3d at 425 (citing United States v. Terry, 916 F.2d 157,

3

162 (4th Cir. 1990)).  "A district court's finding of quantity is not erroneous if it is based on evidence possessing sufficient indicia of reliability to support its probable accuracy."  Uwaeme, 975 F.2d at 1021.  Todd-Murgas has failed to undermine the reliability of his own statement regarding the drug weights he distributed.  We accordingly decline to conclude that the district court's finding was clearly erroneous.  Nor has Todd-Murgas demonstrated that the district court abused its discretion in electing to impose a consecutive term of imprisonment for his supervised release violation.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Todd-Murgas's conviction and sentence.  This court requires that counsel inform Todd-Murgas, in writing, of the right to petition the Supreme Court of the United States for further review.  If Todd-Murgas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Todd-Murgas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED